**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NYSIFAH DEAVEAREAUX,<br><br>Defendant. | **Criminal Action No. 21-00831 (SRC)**<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion for early termination of supervised release by Defendant Nysifah Deaveareaux ("Defendant"). For the reasons stated below, Defendant's motion will be denied.

On November 3, 2021, Defendant pled guilty to a two-count Information charging her with knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute 40 or more grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846, and knowingly and intentionally possessing with intent to distribute 40 or more grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Dkt. No. 45).

This Court sentenced Defendant to a term of 1 day of imprisonment to be followed by a five-year term of supervised release. Id. Defendant's term of supervised release commenced on or about March 16, 2022, and it is set to expire on March 16, 2027.

Defendant filed the instant motion for early termination of his term of supervised release, pursuant to 18 U.S.C. § 3583(e), on August 24, 2026. (Dkt. No. 48, the "Motion"). Defendant argues that her good conduct while on supervised release and her desire to receive more financial assistance militate for early termination of her term of supervised release, which is nearing its end anyway. The Government opposes Defendant's motion. (Dkt. No. 50, the "Opposition").

In considering a motion for early termination of supervised release, the relevant statutory provision, 18 U.S.C. § 3583(e), states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

As well, the Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 3 60.20(c), provides "six criteria to determine if an offender satisfies the minimal statutory factors to be considered for early termination." United States v. Harris, 2021 WL 4342091, at *3 (D.N.J. Sept. 23, 2021). These include the following:

> (1) The person does not meet the criteria of a career drug offender or career criminal as described in 28 U.S.C. § 994(h) or has not committed a sex offense or engaged in terrorism; (2) The person presents no identified risk of harm to the public or victims; (3) The person is free from any court-reported violations over a 12-month period; (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) The person is in substantial compliance with all conditions of supervision; and (6) The person engages in appropriate prosocial

> activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Id. at *1.

In other words, the Court may only provide relief if, after considering the sentencing factors of 18 U.S.C. § 3553(a), "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. Though a showing of new or unforeseen circumstances is not strictly required, "[g]enerally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted). The defendant has the burden of proving that early termination is warranted. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

Upon considering the factors stated in 18 U.S.C. § 3553(a), this Court concludes that early termination of supervised release is not warranted by Defendant's conduct nor her desire for expanded welfare options and is not in the interest of justice. Defendant notes in her application that she has completed most of her probation "[w]ithout any complications" and has continued treatment for her drug addiction. (Motion at 1). She also states that she has experienced financial difficulties because "[she] cannot receive any help or able to apply to any housing programs because [she's] currently still active on probation." (Id.). While the Court commends Defendant

compliance with the rules while on supervised release[1] and is sympathetic to her desire for further financial assistance, these are not sufficient reasons to convince this Court that early termination of supervised release is appropriate in this case.

Defendant received an incredibly lenient sentence for the two drug trafficking counts to which she pled guilty, which involved the distribution fentanyl. At the time of sentencing—and still today—this Court believed this was the absolute minimum sentence to satisfy the considerations of 18 U.S.C. § 3553. In considering early termination of supervised release, 18 U.S.C. § 3583(e)(1) states that the Court must consider the following factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed —
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant;

The single day of imprisonment was substantially less than the statutory mandatory minimum of five years which typically attaches to convictions under 21 U.S.C. §§ 841 and 846. Defendant's continued term of supervised release is necessary both to deter future conduct by Defendant and to protect the public from further crimes by Defendant. As the Government pointed out, Defendant's "offenses—involvement in the distribution of dangerous and often deadly opioids—were quite serious and undoubtedly jeopardized the safety of others, . . .thus warranting continued supervision." (Opposition at 4-5).

[1] The Court does note that Defendant does not have an entirely perfect record on supervised release, as she tested positive for marijuana at the very outset of her term but since that single incident, the Court has not seen any additional misbehavior. (Dkt. No. 46).

Defendant has also not persuaded the Court that the terms of supervised release have substantially interfered with any aspects of her life such that she requires urgent relief—especially when her term of supervised release will expire in the next six months. The closest Defendant comes is her statement that she has been struggling with homelessness and experiencing severe setbacks due to her inability to get "help or apply to any housing programs" because of her status on supervised release. (Motion at 1). But this does not rise to the level required to justify early termination. In fact, the present precarity of Defendant's situation supports continued supervision as this supervision can help her obtain the services she needs. In its September 11th letter, the Probation Office explained that it would be reassigning Defendant "to an officer who can assist her with securing housing and other community resources." (Opposition at 5). Thus, the new circumstances Defendant points to militate for, rather than against, continued supervision.

In sum, Defendant has presented no evidence that a meaningful change in circumstances warrants early termination. While the Court is not required to find such a change in circumstances, see Melvin, 978 F.3d at 53, in the absence of a dramatic change, the Court finds that a modification of Defendant's supervised release is not warranted nor in the interest of justice. See also United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."). For the foregoing reasons, the Motion will be denied.

* * *

For these reasons,

**IT IS** on this 30th day of September, 2026

**ORDERED** that defendant's motion for early termination of supervised release is **DENIED**.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.